IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CS DIAGNOSTICS, CORP.,      §
                                   §
          Plaintiff,        §
                                   §
V.                                 §         No. 3:25-cv-1158-N-BN
                                 §
LUKE WILSON,           §
                                 §
          Defendant.      §

## **MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

Plaintiff CS Diagnostics, Corp. ("CSDX"), a citizen of Wyoming (where it allegedly incorporated) and Germany (its alleged principal place of business), filed in the Dallas Division of this district a complaint against Defendant Luke Wilson, who CSDX alleges is "a Dubai resident." Dkt. No. 1 at 1-2; 28 U.S.C. § 1332(c)(1) (As applicable here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *cf. Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49-51 (2d Cir. 2012) (noting that under a prior version of Section 1332(c)(1) – not applicable here – several courts, including the United States Court of Appeals for the Fifth Circuit, had concluded that "companies incorporated in the United States could not be 'dual citizens' of the United States and a foreign state for diversity purposes" (collecting cases, including *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 543-44 (5th Cir. 1997))).

After Wilson filed a *pro se* motion requesting dismissal based on improper venue, *see* Dkt. Nos. 7 & 8, Chief United States District Judge David C. Godbey

referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 9.

CSDX alleges causes of actions under state law and Section 17(a) of the Securities Exchange Act of 1934, a federal statute that requires broker-dealers to keep certain records and to file certain reports as required by the Securities and Exchange Commission.

But that federal statute does not afford a private right of action. *See, e.g.*, *Copeland v. E\*Trade Capital Mgmt. LLC*, No. 3:24-cv-1374-B-BN, 2024 WL 3330979, \*4 (N.D. Tex. June 20, 2024) (observing that the plaintiff did not establish "jurisdiction under [28 U.S.C. § ]1331 based on the alleged violations of Section 17(a), the only federal law present in the complaint, where the United States Supreme Court has held that, in enacting that statute, Congress did not intend to provide a private right of action" (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 579 (1979); *Hibbard, O'Connor & Weeks, Inc. v. Osborne*, No. H-80-1119, 1980 WL 1147, at \*6 (S.D. Tex. Oct. 28, 1980))), *rec. accepted*, 2024 WL 3333243 (N.D. Tex. July 8, 2024), *aff'd*, 2025 WL 66732 (5th Cir. Jan. 20, 2025) ("When a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision. Here, Copeland's claims under the recordkeeping provisions of § 17(a) of the Exchange Act are clearly foreclosed by Supreme Court precedent." (cleaned up)).

So it makes sense, then, that CSDX only alleges that there is subject matter

jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 at 2.

Still, the undersigned questions whether the Court has subject matter jurisdiction based on diversity where a foreign citizen has sued a defendant who also appears to be a foreign citizen.

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted).

Starting with Wilson's citizenship, CSDX alleges that he "resides in Dubai." Dubai is not a country but a city and an emirate in the United Arab Emirates ("UAE"). And an individual defendant's citizenship is not determined by where she resides.

Instead, "[f]or natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And,

> [i]n *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "no single factor being determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024) (cleaned up).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an

allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam); *cf. Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

But, even if Wilson is a citizen of the UAE – or of Spain, as he alleges that he resides in Barcelona, *see* Dkt. No. 8 at 1 – complete diversity would still be lacking under Section 1332(a) since "the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)." *U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 424 (6th Cir. 2008); *accord Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152 (5th Cir. 1985) ("Because [the defendant] is a citizen of Liberia, and because the plaintiffs are citizens of Singapore, diversity jurisdiction may not therefore be invoked under section 1332(a)(2)."); *Akno 1010 Mark Street St. Louis, Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) ("[I]f a foreign citizen sues a foreign citizen – which seems to be what happened here – we lack subject-matter jurisdiction to decide the dispute."); *Actus Fund, LLC v. Drone Guarder, Inc.*, 588 F. Supp. 3d 177, 184 (D. Mass. 2022) ("The courts have held that no diversity exists when an alien appears on both sides with a domestic party or parties on only one side." (collecting cases)); *see also Pacheo v. Dibco Underground, Inc.*, No. A-08-CA-187-SS, 2009 WL 10669492, at *3 n.2 (S.D. Tex. Apr. 23, 2009) ("28 U.S.C. § 1332(a)(1) and (3) are not applicable, as the law is clear 'jurisdiction ... cannot be

predicated on either § 1332(a)(1) or (a)(3) [if] U.S. citizens are not on both sides of the controversy.'" (quoting *United States Motors*, 551 F.3d at 422)); 28 U.S.C. § 1332(a)(4) (applicable only where a foreign state is a plaintiff).

It therefore appears that the Court should dismiss this lawsuit for lack of subject matter jurisdiction – consistent with the presumption that "causes of action fall outside the limited jurisdiction of federal courts," which is why "the burden lies on the parties to establish jurisdiction's existence." *Ashley v. Clay Cnty.*, 125 F.4th 654, 659 (5th Cir. 2025) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

But, even if there is subject matter jurisdiction, Wilson's *pro se* motion based on venue tees up a related issue: the complaint appears to reveal that the only connection between this dispute and the State of Texas is that CSDX's counsel offices in Richardson, Texas.

But, to satisfy the constitutional requirements for personal jurisdiction, a plaintiff – and less so her attorney – may not be a non-resident defendant's only connection to the forum state.

And Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a non-resident defendant for lack of personal jurisdiction, a ground for dismissal typically raised by motion, but which "the district court may raise … *sua sponte*" – "so long as it [gives the plaintiff] an opportunity to address its concerns." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 & n.3 (5th Cir. 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 323-24,

325 (5th Cir. 2001); footnote omitted).

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a non-resident defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)). So "it is 'incredibly difficult to establish general jurisdiction in a forum other than'" where a defendant is at home. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 582 U.S. 255, 262 (2017)). Accordingly, it "focuses on the

relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at

895 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
>> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
>
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth*

*v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully

availed himself of the benefits and protections of the forum state' 'such that he should

reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l*

*Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297 (1980))).

"In other words, for specific personal jurisdiction to exist over [a non-resident

defendant], there must be an affiliation between the forum and the underlying

controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia*

*v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned

up; quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

This "constitutional touchstone" "ensures that a defendant will not be haled

into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 474, 475 (cleaned up).

"That is, the plaintiff cannot supply 'the only link between the defendant and the forum.'" *Carmona*, 924 F.3d at 924 (quoting *Walden*, 571 U.S. at 285).

"Rather, jurisdiction is proper only where the 'defendant *himself*' made deliberate contact with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475)).

And, here, where the Court is considering personal jurisdiction over a non-resident defendant based on the allegations of the complaint, "without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Hazim*, 647 F. App'x at 457 (citing *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Sys. Pipe & Supply*, 242 F.3d at 325).

"Nevertheless, the prima facie method does not require the court to credit conclusory allegations, unproven assumptions, generalizations or farfetched inferences." *Daniels Agrosciences, LLC v. Ball DPF, LLC*, No. CA 13-268 ML, 2013 WL 5310208, at *3 (D.R.I. Sept. 20, 2013) (citations omitted).

In sum, it appears to the undersigned that this lawsuit is subject to dismissal for lack of subject matter jurisdiction and – if there is subject matter jurisdiction – remains subject to dismissal under Rule 12(b)(2) on the Court's own motion.

Plaintiff CS Diagnostics, Corp. must therefore file a written response to this

order by **August 4, 2025** to SHOW CAUSE why this lawsuit should not be dismissed for these reasons.

      SO ORDERED.

      DATED: July 21, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE