IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CS DIAGNOSTICS, CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1158-N-BN |
| | § | |
| LUKE WILSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCIES**

Plaintiff CS Diagnostics, Corp. ("CSDX"), a citizen of Wyoming (where it's allegedly incorporated) and Germany (its alleged principal place of business), filed in the Dallas Division of this district a complaint against Defendant Luke Wilson, who CSDX alleges is "a Dubai resident." Dkt. No. 1 at 1-2; 28 U.S.C. § 1332(c)(1) (As applicable here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

After Wilson filed a *pro se* motion requesting dismissal based on improper venue, *see* Dkt. Nos. 7 & 8, United States District Judge David C. Godbey referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 9.

The undersigned then entered a memorandum opinion and order to show cause that set out the undersigned's view that the then-operative complaint was subject to dismissal for lack of subject matter jurisdiction and – even if there is subject matter jurisdiction – that complaint was still subject to dismissal under Federal Rule of Civil

Procedure 12(b)(2) on the Court's own motion, *see CS Diagnostics, Corp. v. Wilson*, No. 3:25-cv-1158-N-BN, 2025 WL 2053285 (N.D. Tex. July 21, 2025) ("*CSDX I*") [Dkt. No. 10].

CSDX filed an amended complaint on July 28, 2025, *see* Dkt. No. 13, and a show-cause response to the July 21 memorandum opinion and order on August 4, 2025, *see* Dkt. No. 16.

After reviewing the amended complaint and show-cause response, the undersigned entered an order on August 19, finding that it seems that the amended complaint

> remains subject to dismissal for the concerns set out in the July 21 memorandum opinion and order.
> And, to the extent that CSDX intends to move for leave to file a second amended complaint for the reasons it sets out in the show-cause response – to, for example, allege subject-matter jurisdiction under 28 U.S.C. § 1331, *see* Dkt. No. 15 at 8-11 – it has yet to do so.
> And, if CSDX intends to request jurisdictional discovery to address the undersigned's Rule 12(b)(2) concerns, *see* Dkt. No. 15 at 13, CSDX's show-cause response is not a proper motion for leave to conduct such discovery.
> Federal courts "will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove our jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (quoting *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010)).
> "But '[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022) (per curiam) (quoting *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); citing *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020) (per curiam)).
> And the consideration that is the key to unlock jurisdictional discovery is "whether the requesting party has made specific allegations that the evidence it seeks is likely to support a finding of jurisdiction."

> *Id.* at *6 (citations omitted); *see, e.g.*, *Johnson*, 21 F.4th at 326 ("Johnson has not met his burden. He has not alleged specific facts that discovery will prove. Instead, he says that discovery would determine 'the extent' of the activities that we already have said cannot support jurisdiction. We see no reason to confirm Johnson's allegations with discovery when they cannot sustain our power as a matter of law." (citation omitted)).
>
> The Court will therefore allow CSDX until September 2, 2025 to move for leave to file a second amended complaint and/or properly move for leave to conduct jurisdictional discovery. If CSDX fails to take these actions by September 2 – or if its submission(s) by that date fail to convince the undersigned that this lawsuit is not subject to dismissal for lack of subject matter jurisdiction or under Rule 12(b)(2) – the undersigned will make an appropriate recommendation to Judge Godbey without further delay.

Dkt. No. 20 at 1-3 (cleaned up).

On September 2, CSDX (1) moved under 28 U.S.C. § 1404(a) to transfer this lawsuit to the District of Wyoming, *see* Dkt. Nos. 21 & 22; (2) moved for jurisdictional discovery, *see* Dkt. Nos. 23 & 24; and (3) moved for leave to file a second amended complaint, *see* Dkt. Nos. 25 & 26.

Wilson filed oppositions to these motions the next day. *See* Dkt. Nos. 27-29.

Starting with the motion for leave to amend, the Court's local rules require that the party moving for leave to amend a pleading "attach the proposed amended pleading to the motion as an exhibit." N.D. TEX. L. CIV. R. 15.1. CSDX did not. So its motion for leave as filed should be denied.

Next, as the Court explained, it will not authorize "'a jurisdictional fishing expedition' based on general averments." Dkt. No. 20 at 2 (cleaned up). Instead, if CSDX "presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [Wilson] and the forum state" – for now at least, Texas – its "right to conduct jurisdictional discovery should be

sustained." *Id.* (cleaned up).

But, through its motion for leave to conduct jurisdictional discovery, CSDX does not present factual allegations that could suggest any contacts between Wilson and Texas. CSDX instead seeks discovery as to Wilson's contacts with the United States:

> The case at bar is unusual in that Defendant Luke Wilson is a foreign citizen (resident of Spain and believed to be a U.K. citizen) and Plaintiff is a U.S. corporation with domestic and international operations…. Plaintiff has alleged that Defendant purposefully directed fraudulent conduct by using U.S. market mechanisms to manipulate Plaintiff's stock, but Defendant (who has appeared pro se) has informally contested having sufficient contacts with the U.S. Because certain jurisdictional facts remain in dispute or are within Defendant's exclusive knowledge, Plaintiff seeks limited discovery to substantiate its jurisdictional allegations.
> Plaintiff has already put forward specific facts suggesting that Defendant benefited from U.S. forums, such as selling stock on U.S. OTC markets.

Dkt. No. 24 at 2-3; *see also, e.g.*, *id.* at 2 ("Plaintiff seeks documents and information regarding Defendant's domicile, citizenship, and residency, for the purpose of confirming his citizenship and whether he is domiciled abroad (Spain) or has ties to any U.S. state.").

So it seems that CSDX may seek discovery to show that there may be subject-matter jurisdiction under Section 1332 to the extent that Wilson may not be a foreign but a United States citizen. *See, e.g.*, *CSDX I*, 2025 WL 2053285, at *2 ("[E]ven if Wilson is a citizen of the UAE – or of Spain, as he alleges that he resides in Barcelona, *see* Dkt. No. 8 at 1 – complete diversity would still be lacking under Section 1332(a) since 'the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2).'" (quoting *U.S. Motors v. Gen. Motors*

*Europe*, 551 F.3d 420, 424 (6th Cir. 2008); collecting cases)).

And, while jurisdictional discovery is commonly sought in the context of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, as the cases the Court cites above reflect, it can be sought where a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction has been filed. *See, e.g.*, *Freeman v. United States*, 556 F.3d 326, 341-42 (5th Cir. 2009) (noting that "[t]he party seeking [such] discovery bears the burden of showing its necessity" and "typically meets this burden by alleging the specific facts [that] demonstrate a need for discovery" but that "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion" (cleaned up)).

But CSDX still fails to specifically allege a basis to believe that Wilson is a citizen of the United States where its motion seeking discovery provides that "Wilson is a foreign citizen (resident of Spain and believed to be a U.K. citizen)" and CSDX primarily seeks discovery to establish Wilson's contacts with the United States, which is all that CSDX has alleged in its pleadings – that Wilson has had contact with the United States (not Texas specifically).

And, so, so far CSDX has not met its burden to demonstrate a need for discovery. *Cf. Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013) (affirming the district court's denial of discovery where the plaintiffs "alleged only that there may be a government policy" to show that plaintiffs could bring claims under the Federal Tort Claims Act and "alleged no well-pleaded facts or evidence to refute the

government's assertion to the district court that no such policy exists").

Finally, to the extent that CSDX also requests that, under Section 1404(a), this Court transfer its lawsuit to the federal judicial district encompassing the state where it is incorporated, the Court has yet to agree with CSDX that there is subject-matter jurisdiction under Section 1332 – and it has yet to file an amended complaint alleging jurisdiction under Section 1331 based on more than an insubstantial federal question.

28 U.S.C. § 1404 and § 1406, "each are interpreted broadly to allow transfer when personal jurisdiction is lacking." *Sanders v. ExxonMobil Corp.*, No. SA-08-CA-590-OG, 2008 WL 11417386, at *4 (W.D. Tex. Sept. 30, 2008) (citing *Goldwar, Inc. v. Heiman*, 369 U.S. 463 (1962); *Bentz v. Recite*, 778 F.2d 1026 (5th Cir. 1985)).

But "neither the United States Supreme Court nor the Fifth Circuit Court of Appeals have determined whether subject matter jurisdiction is a prerequisite to utilizing Sections 1404 or 1406." *Id.*

Even so, "[t]he courts that have considered the issue, including several courts within the Fifth Circuit, are nearly uniform in concluding that the transferring court must have subject matter jurisdiction before the court may transfer a cause of action under Section 1404(a)," and "numerous courts of appeals have held that a district judge may not order a transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action." *Id.* at *4-*5 (collecting cases); *accord Yarto Int'l Grp., L.P. v. Wash. Exp., L.L.C.*, No. 3:07-cv-54-L, 2007 WL 2192153, at *2 (N.D. Tex. July 31, 2007) ("Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. Absent jurisdiction conferred

by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. Otherwise stated, were the court to lack subject matter jurisdiction over this case, dismissal would be appropriate, and the court would be without power to order a transfer of venue to the Eastern District of Washington." (citations omitted)); *cf. White v. Commercial Standard Fire & Marine Co.*, 450 F.2d 785, 786 (5th Cir. 1971) (per curiam) (where "the federal district court was, from the very inception of the litigation, wholly without diversity jurisdiction," reversing its decision to transfer to state court a lawsuit filed in federal court "with directions to dismiss the complaint" (citing FED. R. CIV. P. 12(h)(3); *Atl. Ship Rigging Co. v. McLellan*, 288 F.2d 589 (3d Cir. 1961) ("Where, as here, the court lacks jurisdiction over the subject matter, which is a more fundamental defect than an absence of in personam jurisdiction, and one which precludes it from acting at all, a fortiori a court lacks power to transfer."))).

And, so, because CSDX has yet to show that there is federal subject-matter jurisdiction, it has not shown that the Court has the power to transfer this case.

But, instead of now denying CSDX's motion for jurisdictional discovery and recommending that the Court dismiss this lawsuit for lack of subject-matter jurisdiction – because CSDX has indicated that it intends to file a second amended complaint that grounds subject-matter jurisdiction on Section 1331 – the Court will allow CSDX an opportunity to address the deficiencies noted above – including the lack of a proposed second amended complaint – by **September 10, 2025**.

Should CSDX fails to do so, it would be after the Court offered it three chances

to address its jurisdictional concerns. *See* Dkt. Nos. 10 & 20. And that is all that CSDX could be entitled to.

SO ORDERED.

DATED: September 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE