IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CS DIAGNOSTICS, CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1158-N-BN |
| | § | |
| LUKE WILSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER AS TO SUBJECT-MATTER JURISDICTION AND GRANTING LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff CS Diagnostics, Corp. ("CSDX") filed a complaint against Defendant Luke Wilson. *See* Dkt. No. 1.

After Wilson filed a *pro se* motion requesting dismissal based on improper venue, *see* Dkt. Nos. 7 & 8, United States District Judge David C. Godbey referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 9.

A fuller history of this proceeding to date is recorded elsewhere, *see CS Diagnostics, Corp. v. Wilson*, No. 3:25-cv-1158-N-BN, 2025 WL 2053285 (N.D. Tex. July 21, 2025) ("*CSDX I*"); *CS Diagnostics, Corp. v. Wilson*, No. 3:25-cv-1158-N-BN, 2025 WL 2532673 (N.D. Tex. Sept. 3, 2025) ("*CSDX II*"), and need not be set out here.

After reviewing CSDX's response to *CSDX II* [Dkt. No. 32] and its operative complaint [Dkt. No. 13], the undersigned finds that, because CSDX has asserted a basis for subject-matter jurisdiction under 28 U.S.C. § 1331 considering the allegations in its first amended complaint, it has demonstrated a need for discovery

as to Wilson's ties to the United States.

## Discussion

Subject-matter jurisdiction under Section 1331 typically "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

So the Court is concerned with what facts a plaintiff alleges in support of a federal claim not how a plaintiff may label that claim. *Cf. Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) ("Having informed [a defendant] of the factual basis for their complaint, [a plaintiff is] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim," so a plaintiff need not "set out a legal theory for the plaintiff's claim for relief." (cleaned up)).

And "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." *Copeland v. E*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at *2 (5th Cir. Jan. 10, 2025) (per

curiam) (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977))).

CSDX labels its federal claim in the first amended complaint as a violation of Section 17(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), *see* Dkt. No. 13 at 8, a provision of the Exchange Act that requires broker-dealers to keep certain records and to file certain reports as required by the Securities and Exchange Commission.

And, as CSDX has admitted, *see* Dkt. No. 15 at 8-10, that provision does not afford a private right of action, such that it could support a more than frivolous or insubstantial federal claim, *see, e.g.*, *Copeland*, 2025 WL 66732, at *2 ("Copeland's claims under the recordkeeping provisions of § 17(a) of the Exchange Act are clearly foreclosed by Supreme Court precedent." (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 560, 569, 570 (1979))).

But the facts alleged in the first amended complaint do not seek recovery based on Section 17(a) but instead reflect CSDX's belief that Wilson defrauded it during a securities transaction or investment, including by making false statements. *See* Dkt. No. 13 at 2-9; Dkt. No. 13-1.

> Section 10(b) of the Exchange Act grants the SEC rulemaking authority to define and thereby prohibit deceptive or manipulative practices. *See* 15 U.S.C. § 78j(b). As such, Rule 10b-5 makes it unlawful for any person, directly or indirectly, "in connection with the purchase or sale of any security," to (a) "employ any device, scheme, or artifice to defraud"; (b) "make any untrue statement of a material fact"; or (c) "engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." 17 C.F.R. § 240.10b-5(a)-(c). Rule 10b-5(a) and (c) claims are referred to as "scheme liability" claims because they are based on deceptive conduct, while Rule 10b-5(b)

claims are based on deceptive statements or omissions." *SEC v. Verges*, 716 F. Supp. 3d 456, 466 (N.D. Tex. 2024) (cleaned up).

"The elements of a private Rule 10b-5(b) claim are: (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misrepresentation or omission; (5) economic loss; and (6) a causal connection between the misrepresentation or omission and the loss." *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-194-N, 2023 WL 5489054, at *3 (N.D. Tex. Aug. 24, 2023) (citation omitted).

And Section 10(b) applies "only [to] transactions in securities listed on domestic exchanges" and "domestic transactions in other securities." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010).

And, like here, where the facts alleged in the operative complaint could support a cognizable federal claim, to assert jurisdiction under Section 1331 and avoid dismissal of the lawsuit under Federal Rule of Civil Procedure 12(h)(3), a plaintiff need not also allege a violation of federal law that survives scrutiny under Federal Rule of Civil Procedure 12(b)(6).

That is because, to put it another way, "the pleading burden to establish federal question jurisdiction is low: only claims 'patently without merit ... justify the district court's dismissal for want of jurisdiction.'" *Young*, 598 F.3d at 188 (quoting *Suthoff v. Yazoo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. Unit A Apr. 1981)); *see, e.g., id.* at 189 ("Whatever its merit, the appellants' Equal Protection claim, made through § 1983, is not 'clearly foreclosed' by law and so is neither insubstantial nor frivolous. For that reason, it is sufficient to support federal question jurisdiction.").

CSDX also makes part of its operative pleading an affidavit providing that, while it "is a publicly listed company trading in OTC Markets," its "shares are held and managed by its transfer agent" in Oregon. Dkt. No. 13-1 at 1.

And, so, even if CSDX is not traded on a United States exchange – and it's not clear to the Court whether it is or isn't – CSDX meets the "low … pleading burden to establish federal question jurisdiction," *Young*, 598 F.3d at 188, by offering facts that could still tie the alleged Section 10(b) violations to the United States and therefore provide a basis to believe that it's not seeking just to apply Section 10(b) extraterritorially, *see Fagan v. Nexo Cap. Inc.*, No. 4:24-cv-466, 2025 WL 2446301, at *22 (E.D. Tex. Aug. 25, 2025) ("The test announced in *Morrison* for securities not registered on domestic exchanges is 'whether the purchase or sale is made in the United States.' While the [United States Court of Appeals for the] Fifth Circuit has not yet established a particular extraterritoriality test, the Court finds the Second and Tenth Circuit tests persuasive." (cleaned up; citing with approval *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 68 (2d Cir. 2012))); *In re Volkswagen AG Secs. Litig.*, 661 F. Supp. 3d 494, 516 (E.D. Va. 2023) ("Under *Absolute Activist*, if a security is not traded on a United States exchange (as is the case here), the plaintiff must prove, as to the relevant securities transaction either: (1) 'that title to the shares was transferred within the United States,' (2) 'that the purchaser incurred irrevocable liability within the United States to take and pay for a security,' or (3) 'that the seller incurred irrevocable liability within the United States to deliver a security.' 677 F.3d at 68-69." (cleaned up)).

And, to the extent that CSDX alleges federal subject-matter jurisdiction based on more-than-insubstantial-or-frivolous violations of the Exchange Act, the Act "allows for nationwide service of process." *Callais Cap. Mgmt., LLC v. Wilhite*, Civ. A. No. 17-12039, 2021 WL 1210475, at *4 (E.D. La. Mar. 31, 2021) (citing 15 U.S.C. § 78aa ("[P]rocess in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.")).

And the Fifth Circuit has "explained that 'when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant had minimum contacts with the United States.'" *Luallen v. Higgs*, 277 F. App'x 402, 404 (5th Cir. 2008) (per curiam) (cleaned up; quoting *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994)); *accord Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 264 (5th Cir. 2019) ("With nationwide service, the forum is the United States. So minimum contacts with the United States (Fifth Amendment due process) suffice; minimum contacts with a particular state (Fourteenth Amendment due process) are beside the point." (citations omitted)).

And, so, "in analyzing whether personal jurisdiction is proper under § 78aa of the Exchange Act, [a district court should] analyze whether the defendants had sufficient minimum contacts with the United States." *Luallen*, 277 F. App'x at 404 (citing *Busch*, 11 F.3d at 1257-58).

And, through its motion for leave to conduct jurisdictional discovery, *see* Dkt.

Nos. 23 & 24, CSDX seeks discovery as to Wilson's contacts with the United States:

> The case at bar is unusual in that Defendant Luke Wilson is a foreign citizen (resident of Spain and believed to be a U.K. citizen) and Plaintiff is a U.S. corporation with domestic and international operations…. Plaintiff has alleged that Defendant purposefully directed fraudulent conduct by using U.S. market mechanisms to manipulate Plaintiff's stock, but Defendant (who has appeared pro se) has informally contested having sufficient contacts with the U.S. Because certain jurisdictional facts remain in dispute or are within Defendant's exclusive knowledge, Plaintiff seeks limited discovery to substantiate its jurisdictional allegations.
> Plaintiff has already put forward specific facts suggesting that Defendant benefited from U.S. forums, such as selling stock on U.S. OTC markets.

Dkt. No. 24 at 2-3.

## Conclusion

The Court therefore GRANTS CSDX's motion for leave to conduct jurisdictional discovery [Dkt. No. 23] to the extent that CSDX shall submit its proposed discovery requests to the Court no later than **October 17, 2025**.

The Court will issue further orders after that submission.

SO ORDERED.

DATED: September 17, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE