IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CS DIAGNOSTICS, CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1158-N-BN |
| | § | |
| LUKE WILSON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff CS Diagnostics, Corp. ("CSDX") filed a complaint against Defendant Luke Wilson. *See* Dkt. No. 1.

After Wilson filed a *pro se* motion requesting dismissal based on improper venue, *see* Dkt. Nos. 7 & 8, Senior United States District Judge David C. Godbey referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 9.

A fuller history of this proceeding to date is recorded elsewhere. *See CS Diagnostics, Corp. v. Wilson*, No. 3:25-cv-1158-N-BN, 2025 WL 2053285 (N.D. Tex. July 21, 2025); *CS Diagnostics, Corp. v. Wilson*, No. 3:25-cv-1158-N-BN, 2025 WL 2532673 (N.D. Tex. Sept. 3, 2025); *CS Diagnostics, Corp. v. Wilson*, No. 3:25-cv-1158-N-BN, 2025 WL 2664243 (N.D. Tex. Sept. 17, 2025).

And, while the undersigned will not set it out here, the Court may take notice that CSDX and Wilson have been feuding (in and out of court) for some time.

Currently, the Court is attempting to sort out whether Wilson has sufficient

ties to the United States such that the Court has jurisdiction over him for purposes of CSDX's claims in this lawsuit.

While that's ongoing, Wilson moved on February 17, 2026 and (effectively) under Federal Rule of Civil Procedure 65 to request that the Court dissolve a trading restraint that he claims has existed since May 2025 (based on a settlement agreement that the parties executed in February 2025 under "which Defendant received 2,000,000 restricted CSDX shares as consideration"). Dkt. Nos. 50 & 51.

Although it's not clear that Wilson's request is related to the aims of this lawsuit, the parties have responded to the request for a preliminary injunction. *See* Dkt. Nos. 52-54. And the undersigned recommends that the Court deny Wilson's motion for the following reasons.

## Discussion

To obtain preliminary injunctive relief, a litigant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

A court can issue a preliminary injunction of one of two types: prohibitory or mandatory.

"[T]he issuance of a prohibitory injunction freezes the status quo, and is intended 'to preserve the relative positions of the parties until a trial on the merits can be held.' Preliminary injunctions commonly favor the status quo and seek to maintain things in their initial condition so far as possible until after a full hearing permits final relief to be fashioned." *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997) (citation omitted; quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

"A mandatory preliminary injunction, as opposed to a prohibitory injunction, seeks to alter the status quo prior to litigation rather than maintain it. That is, it mandates that [a litigant] take some action inconsistent with the status quo rather than prohibiting them from altering the status quo." *Texas v. Ysleta del Sur Pueblo*, EP-17-CV-179-PRM, 2018 WL 1566866, at *9 (W.D. Tex. Mar. 29, 2018).

A party seeking "a mandatory injunction … bears the burden of showing a clear entitlement to the relief under the facts and the law." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990); *accord Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.").

Because "[a]n indispensable prerequisite to issuance of a preliminary injunction is prevention of irreparable injury, [o]nly in rare instances is the issuance of a mandatory preliminary injunction proper." *Tate v. Am. Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. Unit A Jan. 1981) (cleaned up).

But the United States Court of Appeals for the Fifth Circuit has also cautioned:

> It must not be thought, however, that there is any particular magic in the phrase 'status quo.' The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. It often happens that this purpose is furthered by preservation of the status quo, but not always. If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury. The focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo.

*Canal Auth.*, 489 F.2d at 576 (citations omitted).

Despite these words of caution, the rule in this circuit remains that, "when a plaintiff applies for a mandatory preliminary injunction, such relief 'should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.'" *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958) ("A mandatory injunction of this nature, especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.")); *see also Ysleta del Sur Pueblo*, 2018 WL 1566866, at *9 ("While the mandatory/prohibitory distinction is not crucial to the inquiry, the Fifth Circuit has repeatedly held that mandatory injunctions warrant an even higher standard than prohibitory injunctions." (citations omitted)).

The Fifth Circuit's pronouncement of that rule predates its *Canal Authority* decision, and "[t]he rule in this circuit is that where two previous holdings or lines of

- 4 -

precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("'When faced with conflicting panel opinions, the earlier controls our decision.'" (quoting *United States v. Miro*, 29 F.3d 194, 199 n.4 (5th Cir. 1994))).

While it does seem that the relief Wilson seeks is a change in the current status quo – and so a mandatory preliminary injunction – even if the Court does not apply the heightened burden associated with seeking such relief, Wilson still has not shown that he is entitled to a preliminary injunction.

First, Wilson's "delay in seeking a … preliminary injunction militates against issuance of a … preliminary injunction." *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-cv-1651-L, 2016 WL 4944370, at *16 (N.D. Tex. Sept. 16, 2016) (citing *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) ("The Board waited three months before petitioning the district court for temporary relief. Although the time span between commission of the alleged unfair labor practices and [this] filing … is not determinative of whether relief should be granted, it is some evidence that the detrimental effects of the discharges have already taken their toll on the organizational drive. It is questionable whether an order of reinstatement would be any more effective than a final Board order at this point." (citations omitted))); *accord Wireless Agents, L.L.C. v. T-Mobile, USA, Inc.*, No. 3:05-cv-94-D, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006) ("Delay in seeking a remedy is an

important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." (cleaned up)).

And, even if the Court excuses the delay, Wilson has not shown that, if the motion is not granted, he "is likely to suffer irreparable harm, that is, harm for which there is no adequate remedy at law." *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (cleaned up).

That is because, "when the threatened harm is more than de minimis, it is not so much the magnitude but the irreparability that counts for purposes of a preliminary injunction. It is thus well-established that an injury is irreparable only if it cannot be undone through monetary remedies. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 275, 279 (5th Cir. 2012) (cleaned up).

So, if the movant's "only alleged harm can be obviated by monetary relief, it does not constitute the 'irreparable' injury necessary to obtain the extraordinary relief of a preliminary injunction." *Id.* at 280 (footnote omitted); *accord SO Apartments, L.L.C. v. City of San Antonio, Tex.*, 109 F.4th 343, 353 (5th Cir. 2024) ("In general, a harm is irreparable where there is no adequate remedy at law, such

as monetary damages." (quoting *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (citing *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981); *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975)))).

## Recommendation

The Court should deny Defendant Luke Wilson's construed motion under Federal Rule of Civil Procedure 65 [Dkt. No. 50].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE